# UNITED STATES BANKRUPTCY COURT
### DISTRICT OF OREGON

**ELIZABETH L. PERRIS**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1536

DIANE K. BRIDGE, LAW CLERK
MATTHEW MERTENS, LAW CLERK

February 4, 2014

Ronald H. Hoevet
Hoevet Boise & Olson, PC
1000 SW Broadway, Ste. 1500
Portland, OR  97205

   Re: <u>Michael Holcomb</u>, Case No. 13-36272
     Fee agreement and billing records

Dear Mr. Hoevet:

  The court has received the unredacted fee agreement and revised redacted billing records for your work for debtor Michael Holcomb in this case.  The purpose of this letter is to give you my ruling on your assertions of privilege and work product.

### Fee Agreement

  You assert that the entire fee agreement is a privileged communication, which therefore does not need to be disclosed to the United States Trustee.  Fee agreements are generally not privileged; the identity of the client, the amount of the fee, and the general purpose of the work to be performed are not protected, although information revealing the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, are protected.  <u>Clarke v. Amer. Commerce Nat'l Bank</u>, 974 F.2d 127, 129 (9th Cir. 1992).

  The only parts of the fee agreement that are arguably protected are in the first paragraph, describing the services to be performed.  However, Mr. Holcomb already disclosed in Mr. Hoevet's request for approval of fees, Docket #184, that the purpose of the representation was to advise whether to assert the privilege against self-incrimination and other constitutional rights when responding personally and as the representative for Berjac.  Because these purposes have already been disclosed, and no other types of services are described in the pertinent portion of the fee agreement, they are no longer privileged.

  I will order that the fee agreement be produced to the UST without redaction.

## Billing Records

Mr. Hoevet has provided revised redacted billing records, along with an unredacted version, for the court's review. He claims that the information contained in the redactions is protected by work product or attorney client privilege.

1.    Work Product

Fed. R. Civ. P. 26(b)(3)(A) protects from production "documents and tangible things that are prepared in anticipation of litigation or for trial," absent a showing of substantial need and inability to obtain a substantial equivalent by other means. The test is whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. <u>Hercules, Inc. v. Exxon Corp.</u>, 434 F.Supp. 137, 151 (D. Del. 1977).

Bills and invoices were not prepared in anticipation of litigation or for trial; they were prepared to obtain payment for services. Therefore, they do not fit within the work product protection. Thus, the bills and invoices must be produced, unless information contained in them is privileged on another basis.

2.    Attorney client privilege

Federal attorney client privilege applies to communications by the client made in confidence to the attorney in connection with the attorney's representation of the client. <u>In re Fischel</u>, 557 F.2d 209, 211 (9th Cir. 1977). Bills and time records that "reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege." <u>Clarke</u>, 974 F.2d at 129.

After reviewing the billing statements, I conclude that some of the information that was redacted under an assertion of work product protection are actually protected by the attorney client privilege. Most of the redacted portions relate to litigation strategy or reveal the specific nature of the services provided, in particular researching certain areas of law. That information is protected by the attorney client privilege and may be redacted from the billing statements that are provided to the UST.

The only portions of the revised redactions that I conclude
are not covered by the attorney client privilege are the
following entries:

| 11/15/2012 | "Eugene Register Guard (ERG) reporter;"<br>"response to reporter." |
| 11/16/2012 | "ERG" |
| 11/19/2012 | "ERG and" |
| 12/20/2012 | "regarding ERG reporter's inquiry"<br>"to ERG reporter" |
| 01/10/2013 | "Review [redacted] documents and additional<br>[redacted] documents" |
| 05/01/2013 | "status and next step" |

I do not see how a communication with the local newspaper can be
a privileged attorney client communication.  In addition, the
information contained in the 01/10/2013 and 05/01/2013 entries
does not reveal motive or strategy or the specific nature of the
services provided.

Mr. Hoevet shall produce to the UST the revised redacted
version of the billing records, without the redactions listed
above.  The remaining redactions are protected by attorney client
privilege and need not be disclosed.

Ms. Kamitsuka should prepare and submit an order requiring
Mr. Hoevet to produce, within seven days of the date of the
order, the revised redacted billing records, with the redactions
removed as indicated above.  Within 10 days of the date of this
letter, Mr. Hoevet should advise the court whether he wants the
revised redacted and unredacted documents that he provided to the
court for review returned to him or destroyed.

Very truly yours,

*Elizabeth L Perris*

ELIZABETH L. PERRIS
Bankruptcy Judge

cc:  P. Rebecca Kamitsuka

Ronald H. Hoevet
February 4, 2014
Page 4

    Susan S. Ford
    James P. Laurcick
    Matthew A. Goldberg
    R. Scott Palmer
    David W. Criswell