# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

| | | |
|---|---|---|
| **ELIZABETH L. PERRIS**<br>BANKRUPTCY JUDGE | 1001 S.W. FIFTH AVENUE, # 700<br>PORTLAND, OREGON 97204<br>(503) 326-1536 | DIANE K. BRIDGE, LAW CLERK<br>MATTHEW MERTENS, LAW CLERK |

**TRANSMITTED VIA ECF**

April 29, 2014

Susan S. Ford
Sussman Shank LLP
1000 SW Broadway, Ste. 1400
Portland, OR  97205

P. Rebecca Kamitsuka
Office of the United States Trustee
405 E. 8th Ave., Ste. 1100
Eugene, OR  97401

    Re: <u>Michael Holcomb</u>, Case No. 13-36272-elp7
        In camera review of email communications

Dear Counsel:

    The court has received the four folders of email communications submitted by Sussman Shank for in camera review. I have reviewed the correspondence from Sussman Shank and from the United States Trustee, and the documents submitted. The purpose of this letter is to give you my ruling on production of the documents contained in the folders.

1.    Folder 1

    This folder contains email correspondence between Sussman Shank and Kilmer Voorhees, counsel for Gary Holcomb. The UST says she does not request a copy of the documents in this folder, which she understands are emails <u>solely</u> between Sussman Shank and Kilmer Voorhees.

    Not all of the emails in this folder are solely among Sussman Shank, Kilmer Voorhees, and the Holcombs. A number of emails in the folder are to, from, or cc'd to persons other than the Holcombs, Sussman Shank, or Kilmer Voorhees. In many cases, there are email strings that contain some communications solely among Sussman Shank, Kilmer Voorhees, and their clients, and some communications that include third parties.

Susan S. Ford
P. Rebecca Kamitsuka
April 29, 2014
Page 2

Email communications that are to, from, or copied to Scott Palmer, Brad Copeland, Tom Huntsberger, Tom Gerber, Laura Walker, or Sanford Landress are not privileged, and must be produced.

Email communications to, from, or copied to Ron Hoevet or Lillian Bier are within the joint defense privilege and need not be produced.

Email communications solely among Sussman Shank, Kilmer Voorhees, and the Holcombs are privileged and need not be produced.

Where a string of emails contains some email communications that are privileged and some that are not, Sussman Shank must produce the non-privileged emails and may redact the privileged emails.

2.  Folder 2

This folder contains email correspondence between Sussman Shank, its client Michael Holcomb, and Jennifer Chalmers. Sussman Shank represents that Ms. Chalmers is Michael's daughter, who assisted him in providing information and documents to them as his counsel so he could perform his duties as designated representative of the debtor in the Berjac case, and to assist his counsel in their representation of Michael individually in the Berjac matters and his involuntary bankruptcy case.

Sussman Shank claims that these communications are privileged, arguing that the presence of a third party, Ms. Chalmers, who is an agent of the client or attorney does not destroy the privilege. Further, it argues that the privilege covers information gathered for use in preparing Berjac or Michael's schedules to the extent the information was not ultimately filed with the court.

The UST does not argue that the material is outside the privilege because it contains information that was ultimately filed with the court. Instead, she argues that Ms. Chalmers is a third-party fact witness who was the office manager for Berjac of Oregon in Eugene. She is an employee of Berjac, and was instructed to cooperate with the case trustee after the chapter 11 trustee was appointed.

Susan S. Ford
P. Rebecca Kamitsuka
April 29, 2014
Page 3

The UST argues that Michael waived his attorney-client privilege by allowing Ms. Chalmers, a Berjac employee, to participate in communications between him and his counsel.

According to Sussman Shank, the communications between Sussman Shank and Chalmers fall into two categories. First, there are communications related to Michael's work as representative of Berjac in providing information to the case trustee for completion of Berjac's schedules. As to those communications, the attorney-client privilege belongs to Berjac, and there is no evidence that Berjac's trustee has waived that privilege. See Commodity Futures Trading Com'n v. Weintraub, 471 U.S. 343 (1985) (trustee has power to waive privilege for corporate debtor). The privilege extends to communications with employees of Berjac for the purpose of obtaining legal advice. Upjohn Co. v. United States, 449 U.S. 383, 394 (1981). It also applies to communications between corporate counsel and a person who is the functional equivalent of an employee, so long as the communication was made for the purpose of securing legal advice fo the entity. United States v. Graf, 610 F.3d 1148, 1158 (9th Cir. 2010).

Michael and his counsel communicated with Berjac's counsel and other representatives and employees, including Ms. Chalmers, for the purpose of completing Berjac's schedules. Michael was the client representative, and Ms. Chalmers was an employee assisting counsel in getting the information needed to complete the schedules. Further, Michael and his counsel were pursuing a common goal with counsel for Berjac or its trustee of completing the bankruptcy schedules. Communications toward a common legal goal are protected by the privilege. See In re Age Refining, Inc., 447 B.R. 786, 806 (Bankr. W.D. Tex. 2011).

Because Berjac's trustee has not waived the privilege, communications among Michael, Sussman Shank, Ms. Chalmers, and Berjac's counsel or counsel for Berjac's trustee are subject to Berjac's privilege, and need not be produced.

Second, there are communications with Ms. Chalmers relating to Sussman Shank's representation of Michael individually. Those communications are not privileged, because Ms. Chalmers was a third party whose presence in the communications constituted a waiver of Michael's privilege. Ms. Chalmers was an employee of Berjac, not of Michael. Although the presence of a client representative does not waive the privilege under certain circumstances, those circumstances are not present here. The

Case 13-36272-dwh7    Doc 369    Filed 04/29/14

attorney-client privilege extends to communications with client representatives "(1) where the client is a corporation and requires communication on its behalf, and (2) where the client is an individual and is either disabled or is in some unique position requiring another to intervene between the client and counsel." In re North Plaza, LLC, 395 B.R. 113, 124 (S.D. Cal. 2008) (citations and footnote omitted). "[F]or the client representative extension to apply to an individual, it must be (1) related to the subject matter of the underlying attorney-client relationship; (2) necessary to effectuate the representation; and (3) could not have been communicated by the client herself." Id. (citation omitted).

Here, there is no evidence that Michael needed Ms. Chalmers in order to effectuate Sussman Shank's representation of him, or that he could not have communicated the information to Sussman Shank himself. Therefore, communications between Sussman Shank and Ms. Chalmers relating to information needed for Michael's schedules or to otherwise assist in Sussman Shank's representation of him in his individual capacity is not privileged.

I cannot tell from reviewing the email communications which were related to completing Berjac's schedules and which were related to representation of Michael individually. The party asserting the attorney-client privilege has the burden of showing that the privilege applies. United States v. Graf, 610 F.3d at 1156. Sussman Shank must produce the documents in Folder 2, unless it can show that the communications contained in those documents related to preparation of Berjac's schedules, not to representation of Michael individually.

3. Folder 3

This folder contains email communications between Sussman Shank and Wilson Mulheim and Keith Boyd. Sussman Shank argues that these documents are subject to the attorney-client privilege, because they contain communications among counsel for Berjac and its trustee and Michael Holcomb, who was the Berjac representative responsible for performing Berjac's duties during the chapter 11 case and who continued to be responsible for preparing and filing Berjac's schedules after the chapter 11 trustee was appointed.

The UST argues that the emails contained in this folder are from a time when Mr. Muhlheim represented Berjac's trustee, not

Susan S. Ford
P. Rebecca Kamitsuka
April 29, 2014
Page 5

Berjac itself. She points to statements from Mr. Muhlheim's Application for Final Compensation that show communications with Sussman Shank and Mr. Huntsberger the day before he was appointed as trustee. Thus, she says, the joint defense privilege does not apply.

The documents contained in Folder 3 cover dates from September 25, 2012, through November 1, 2012, which was during the time Mr. Muhlheim had been appointed special counsel to the trustee.

The communications contained in the emails in Folder 3 relate to the gathering of information in preparation of Berjac's bankruptcy schedules.[1] They show that Michael and his counsel were working with the trustee and his counsel and counsel for Berjac toward the goal of getting the schedules filed. Counsel - and clients - can share information without waiving the privilege if the documents show actual cooperation toward a common legal goal. That is what these documents show. Therefore, they are privileged and need not be produced.[2]

4. Folder 4

This folder contains email communications with Judge Alley in connection with the mediation. The UST does not seek these emails.

CONCLUSION

Sussman Shank must produce email communications contained in Folder 1 that were to, from, or copied to persons who were not within the joint defense privilege. Those persons are named in the discussion above.

---

[1] The UST does not argue that it is entitled to the documents because they contain information that was included in Berjac's filed bankruptcy schedules.

[2] Some of the emails in this folder are to, from, or copied to Jennifer Chalmers or Kristen Van Breemen. It appears that in these communications Ms. Chalmers and Ms. Van Breemen were acting on behalf of Berjac, therefore their presence in the email strings does not defeat the privilege.

Susan S. Ford
P. Rebecca Kamitsuka
April 29, 2014
Page 6

    It must produce the documents in Folder 2, unless it can show that the communications contained in those documents related to preparation of Berjac's schedules, not to representation of Michael individually. Counsel shall, within seven days of the date of this letter, provide evidence showing that specific emails are privileged because they relate to the preparation and filing of Berjac's schedules. The court will then review that evidence and rule on production of the emails specified.

    The email communications that were not related to the preparation and filing of Berjac's schedules must be produced.

    The documents in Folders 3 and 4 need not be produced.

    Sussman Shank asks that it be permitted to redact highlighted material in documents that are ordered produced. The communications are to be produced because they are not privileged. Therefore, there is no basis for redacting any material from emails that must be produced. Any emails that must be produced must be produced in their entirety, without redactions. Privileged emails in a string may be redacted, but emails in the same string that are not privileged must be produced without redaction.

    Production of the emails required by this letter to be produced shall occur no later than seven days from the date of this letter.

    If Berjac's trustee waives the privilege, the privilege will be lost as to any documents that would otherwise have been protected by the Berjac privilege, and will be required to be produced.

                             Very truly yours,

                             *Elizabeth L Perris*

                             ELIZABETH L. PERRIS
                             Bankruptcy Judge

cc:  James Laurick
     David Criswell
     R. Scott Palmer